# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHONETTA MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | _____ |
| ) | |
| CLASSIC COMMUNITY SUPPORT, ) | |
| Inc., and ) | JURY TRIAL DEMANDED |
| CHARLES MARTIN ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Shonetta Moore (hereinafter "Ms. Moore"), by and through undersigned counsel, and files this lawsuit against Classic Community Support, Inc. and Charles Martin("Defendants"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

## INTRODUCTION

1.

Charles Martin is the owner of Classic Community Support, Inc. ("Classic Community Support"). Charles Martin and Classic Community Support jointly employed Ms. Moore. Therefore, Charles Martin and Classic Community Support are joint employers.

2.

The instant action arises from Defendants' violations of Ms. Moore's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the FLSA by Defendants which have deprived Ms. Moore of her lawful overtime wages.

3.

During the employment of Ms. Moore, Defendants violated the FLSA by failing to timely pay Ms. Moore at the legally required minimum wage rate for all hours worked. Defendants also failed to pay Ms. Moore at the legally required overtime rate for hours worked in excess of forty (40) hours in a given workweek.

4.

Ms. Moore seeks unpaid compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts complained of occurred within the State of Georgia and because Defendants are subject to personal jurisdiction in this District.

**PARTIES**

7.

Ms. Moore resides in Clayton County (within this District) and is a citizen of the United States.

8.

At all times material to this action, Ms. Moore was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Ms. Moore is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendants.

9.

Classic Community Support is a Georgia corporation with its principal office located at 739 Main Street, Suite 12, Stone Mountain, GA, 30083. Classic Community Support regularly does business in the State of Georgia and may be served through its registered agent at 739 Main Street, Suite 12, Stone Mountain,

GA, 30083. At all times material hereto, Classic Community Support was an "employer" of Ms. Moore for purposes of the FLSA.

10.

Defendant Charles Martin is a Georgia resident. On information and belief, Charles Martin is the owner of Classic Community Support. At all times material hereto, Charles Martin exercised control over significant aspects of the operations of Classic Community Support, including employee compensation, and Charles Martin personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Charles Martin was an "employer" of Ms. Moore for purposes of the FLSA, and Charles Martin jointly and severally liable for the failure to pay Ms. Moore as required. Defendants maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

11.

At all times material to this action, Classic Community Support and Charles Martin were Ms. Moore's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Ms. Moore, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Ms. Moore, and/or because the

individual Defendants shared control of Ms. Moore's employment, and/or because one Defendant controls the other Defendant, and/or because the Defendants are under common control.

12.

At all times material hereto, the Defendants had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. Thus, the Defendants were an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA.

**FACTUAL ALLEGATIONS**

13.

From February 16, 2016 until September 19, 2016, Ms. Moore was employed by the Defendants.

14.

At all times relevant hereto, Ms. Moore was not responsible for managing any other employees. Ms. Moore did not conduct any employees' reviews, schedules, vacation requests or warnings.

15.

At all times relevant hereto, Ms. Moore did not possess the authority to hire or fire other employees.

16.

At all times relevant hereto, Ms. Moore's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

17.

At all times relevant hereto, Ms. Moore did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

18.

At all times relevant hereto, Ms. Moore was a non-exempt employee for purposes of overtime compensation.

19.

While employed by Defendants, Ms. Moore was required to work in excess of forty (40) hours a week.

20.

During Ms. Moore's employment with Defendants, Defendants did not compensate Ms. Moore for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

21.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Ms. Moore are in the possession of Defendants.

## COUNT ONE: FLSA VIOLATION (MINIMUM WAGE)

22.

Ms. Moore Paragraphs 1 through 21 of this Complaint, as if set forth fully herein.

23.

Defendants failed to meet the requirements for any of the exemptions from application of the minimum wage compensation requirements of the FLSA, with respect to Ms. Moore.

24.

By failing to properly pay Ms. Moore minimum wages, Defendants have violated the FLSA.

25.

Defendants are liable to Ms. Moore for minimum wage compensation for any and all time Ms. Moore worked as required by the FLSA.

26.

By failing to properly pay minimum wages to Ms. Moore in accordance with §§ 203 and 206 of the FLSA, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA.

27.

As a result of Defendants' violations of the FLSA, Ms. Moore is entitled to damages, including without limitation, unpaid wages, liquidated damages, attorneys' fees, and costs pursuant to the FLSA.

**COUNT TWO: FLSA VIOLATION (OVERTIME)**

28.

Ms. Moore realleges and incorporates paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Ms. Moore.

30.

Defendants failed to meet the requirements for paying Ms. Moore at the rate of at least one and one-half times the regular hourly rate for time worked in excess

of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

31.

Defendants are liable to Ms. Moore for compensation for any and all time Ms. Moore worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

32.

By its actions alleged herein, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

33.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Ms. Moore in accordance with § 203 and § 207 of the FLSA.

34.

As a result of Defendants' violations of the FLSA, Ms. Moore has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

35.

As a result of Defendants' willful violations of the FLSA, Ms. Moore is entitled to liquidated damages.

## **COUNT THREE: BREACH OF CONTRACT**

36.

Ms. Moore realigned and incorporates Paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37.

Defendants agreed to pay Ms. Moore an hourly wage for each hour worked.

38.

Defendants also agreed to pay Ms. Moore a commission based on a total amount of sales. Ms. Moore never received any commission checks.

39.

By Failing to pay Ms. Moore for each hour worked and her commission, Defendants breached their agreement with Ms. Moore.

40.

As a result of Defendants' breach of contract, Ms. Moore is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

**COUNT THREE: ATTONREYS' FEES AND EXPENSES**

41.

Ms. Moore realizes and incorporates Paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42.

Ms. Moore has retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

43.

Pursuant to 29 U.S.C. § 216(b), Ms. Moore is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

44.

Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Ms. Moore.

45.

As a result of Defendants' unlawful acts, Ms. Moore has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Moore, pursuant to § 216(b) of the FLSA, prays for the following relief:

(a) that she be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

(b) that she be awarded the costs and expenses of this action; and

(c) that this Court enter such other and further relief as is just and proper under the circumstances.

[DATE AND SIGNATURES FOLLOW]

Respectfully submitted this 5th day of January, 2017.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
ARIEL D. FENSTER
Georgia Bar No. 420858

3340 Peachtree Road, NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
afenster@cohanlawgroup.com

I further certify that the foregoing has been prepared in a Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

**COHAN LAW GROUP, LLC**

*/s/ Ariel D. Fenster*

ARIEL D. FENSTER
Georgia Bar No. 420858